COHEN, J.
The State of Florida appeals an order granting Thomas Pullen’s motion to suppress self-incriminating statements based on alleged violations of his Fifth Amendment rights. Specifically, he alleges the police violated his right to have counsel present 'during custodial interrogations as set out in Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Finding no such violation, we reverse. .
Detectives from the Hernando County Sheriff’s Officé visited Pullen at his workplace to ask’ about alleged sexual contact with P.G., an underage victim. Initially, Pullen denied ever having sex with P.G., even though he claimed she wanted to have sex with him, and they had “hung out” a few times. The detectives then arranged for Pullen to meet with them at the. police station the following morning. When Pullen did not show up for that meeting, the detectives returned to Pul-len’s workplace where Pullen informed them that he had retained counsel. When the detectives turned to leave, Pullen reengaged them in a discussion, asking what the investigation was about. ■ Pullen volunteered that, although he never raped P.G., they did have sex once. Pullen made a written statement admitting to consensual sexual intercourse with P.G.
*569 In moving to suppress both his oral and written statements, Pullen argued that, although he was admittedly not in custody,[1] once he invoked his right to counsel, the detectives were precluded from asking' him further questions. The trial court determined that law enforcement should have obtained a valid waiver of Pullen’s Miranda rights once they were informed that he was represented by counsel, and the court granted Pullen’s motion to suppress. . ■ .
Contrary to the trial court’s analysis, which conflates the defendant’s rights under the Fifth and Sixth Amendments of the U.S, Constitution, Pullen properly concedes that this case does not involve his Sixth Amendment right to counsel. Still, Pullen contends that even if he reengaged the detectives in conversation about the offense, they had an obligation under Miranda to inform him of his right to have an attorney present during his interrogation. We disagree.
In McNeil v. Wisconsin, 501 U.S. 171, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991), the United States Supreme Court explained that it had never extended a defendant’s Miranda right ito counsel, outside of the context of a custodial interrogation to permit a defendant to invdke its protection in anticipation of questioning in custody. Id. at 182 n. 3. In Sapp v. State, 690 So.2d 581 (Fla.1997), the Florida Supreme Court elaborated: “Miranda’s safeguards were intended to protect the Fifth Amendment right against self-incrimination by countering the compulsion that inheres in custodial interrogation. ‘[T]he presence of both a custodial setting and official interrogation is required to trigger the Miranda right-to-counsel prophylactic.... [AJbsent one or the other, Miranda is not implicated.’ ” Id. at 585 (alterations in original) (quoting Alston v. Redman, 34 F.3d 1237, 1244 (3d Cir.1994)).
The police are not required to give Miranda warnings to a suspect who is not both in custody and subjected to interrogation. State v. Russell, 814 So.2d 483, 487 (Fla. 5th DCA 2002). The cases relied upon by the trial court are inapposite, as both involved custodial interrogations. Oregon v. Bradshaw, 462 U.S. 1039, 1041, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983); Welch v. State, 992 So.2d 206, 213 (Fla.2008). Accordingly, we reverse and remand.
REVERSED and REMANDED.
LAMBERT, J., and JORDAN, J.E., Associate Judge, concur.

. The trial court also made a factual finding that Pullen was not in custody at the timé he made the statements.'